TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jared C. Borriello

*Attorneys for*
*the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re:                                                              :
                                                                    :  Chapter 7
CHOWAIKI & CO. FINE ART LTD.,                                       :
                                                                    :  Case No. 17-13228 (MKV)
    Debtor.                                                       :
------------------------------------------------------------------ x
ALBERT TOGUT, Not Individually But Solely In                        :
His Capacity as Chapter 7 Trustee of the Estate of                  :
Chowaiki & Co. Fine Art Ltd.,                                       :
                                                                    :
    Plaintiff,                                                    :
                                                                    :  Adv. Pro. No. 19-_____ (MKV)
        v.                                                       :
                                                                    :
LAWRENCE BENENSON,                                                  :
                                                                    :
    Defendant.                                                    :
------------------------------------------------------------------ x

# COMPLAINT TO AVOID AND RECOVER TRANSFER

Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate of the above-captioned debtor Chowaiki & Co. Fine Art Ltd. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby submits this complaint (the "Complaint") against Lawrence Benenson ("the Defendant") to avoid and recover a transfer that was made by the Debtor to, or for the benefit of, the Defendant, and alleges the following facts and claims upon information and belief based on the documents and information presently available to the Trustee:

## SUMMARY OF THE ACTION

1. The Trustee seeks a money judgment relating to the avoidable transfer identified on **Exhibit A** attached hereto that was made by Debtor to, or for the benefit of, the Defendant during the six (6) year period preceding the commencement of the Debtor's bankruptcy case.

2. The Trustee seeks entry of a judgment: (a) avoiding and directing the return of the transfer identified in Exhibit A annexed hereto, plus interest and costs; and (b) disallowing any claims filed by the Defendant in the Debtor's bankruptcy case unless and until the challenged transfer is repaid to the Trustee.

3. To the extent that the Defendant has filed a proof of claim, or has otherwise requested payment from the Debtor's estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Trustee's right to object to the Claims for any reason including, but not limited to, section 502 of the Bankruptcy Code, and such rights are expressly reserved.

## THE PARTIES

4. Plaintiff is the Chapter 7 trustee of the Debtor.

5. The Debtor is a New York corporation which, prior to the Petition Date (defined below), operated an art gallery (the "Gallery") at premises located at 500 Park Avenue, Unit 16C, New York, New York (the "Premises").

6. The Defendant is an individual residing in the State of New York.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court

for the Southern District of New York's Amended Standing Order of Reference, M-431 dated January 31, 2012, which refers such proceedings to the Bankruptcy Court.

8. This action is commenced pursuant to sections 105(a), 502(d), 544, 547, 548, 550, and 551 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 3007, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and New York Debtor & Creditor Law §§ 270, *et seq*. (the "NYDCL").

9. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A), (B), (H), (O), such that this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. In the event that this Court or any other appropriate Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because such causes of action relate to the Debtor's bankruptcy case and will have a significant impact on the Debtor's estate (the "Estate").

10. Plaintiff consents to the entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgments consistent with Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtor's bankruptcy case pending in the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

A. **The Debtor's Bankruptcy Case**

12. On November 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

13. On November 14, 2017, Albert Togut was appointed Chapter 7 interim trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor and the Estate.

B. **The Debtor Was Insolvent, Had an Unreasonably Small Capital Base, and Incurred and Intended to Incur Debts Beyond Debtor's Ability to Repay During the Relevant Time Period**

14. The Debtor was insolvent no later than December 31, 2013, and remained insolvent at all relevant times thereafter, based on any measurement of insolvency, or a balance sheet, capitalization, or cash flow basis.

15. The Debtor conducted its business with insufficient capital no later than December 31, 2013, and remained insufficiently capitalized at all relevant times thereafter, based on any measurement of capitalization, or a balance sheet or cash flow basis.

16. The Debtor has incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay as such debts matured beginning no later than December 31, 2013.

17. The Debtor reflected the following balances in its tax returns for the years 2013 through 2016:

| Year | Sales | Net Income | Assets | Liabilities | Shareholders' Equity |
|------|-------|------------|--------|-------------|----------------------|
| 2013 | $11,721,830 | ($11,105) | $6,914,238 | $14,653,562 | ($9,611,324) |
| 2014 | $9,070,395 | $673,512 | $3,139,950 | $12,453,313 | ($9,225,565) |
| 2015 | $35,240,034 | $3,139,950 | $7,694,550 | $14,429,711 | ($6,735,161) |
| 2016 | $15,659,563 | ($1,428,279) | $11,437,212 | $20,291,535 | ($8,654,323) |

18. The Debtor's own tax returns demonstrate that the Debtor had negative shareholders' equity for the years 2013, 2014, 2015, and 2016.

19. Additionally, the values contained in the Debtor's tax returns were not adjusted, which, if done, would have resulted in significantly reduced asset values and shareholder equity.

20. Additional facts support the conclusion that the Debtor was insolvent and/or insufficiently capitalized during the periods relevant to this Complaint:

   a. The Debtor failed to pay various creditors on a timely basis during the period December 31, 2013 through the Petition Date; and

   b. The Debtor had negative cash flow, and could not meet its obligations as they came due during the period December 31, 2013 through the Petition Date.

**C.    The Pre-Petition Transfer by the Debtor**

21. During the six (6) years preceding the Petition Date, the Debtor made a transfer to, or for the benefit of, the Defendant (the "Transfer"), on the date and in the amount set forth in the schedule which is attached hereto as **Exhibit A** and which is incorporated by reference herein.

22. The Debtor's books and records reflect that the Defendant made a loan to Galatea Art, LLC, a non-debtor entity (the "Galatea Loan").

23. The Transfer represents a payment by the Debtor to the Defendant on account of the Galatea Loan.

24. The Debtor had no legal or contractual obligation to repay the Galatea Loan.

25. This action is brought to avoid and recover the Transfer, so that this property can be distributed to the Debtor's true creditors.

26. The Debtor received less than fair consideration and less than a reasonably equivalent value in exchange for the Transfer.

27. Because the Debtor failed to receive fair consideration and less than a reasonably equivalent value in exchange for the Transfer, the Estate has been damaged in a sum to be determined at trial, but no less than the total amount of the Transfer.

28. The Debtor had creditors holding unsecured claims at the time the Defendant was paid by the Transfer, that continued to be creditors of the Debtor as of the Petition Date.

29. The Defendant has failed to turn over any part of the Transfer to the Trustee, despite written demand by Plaintiff to the Defendant to do so.

30. The Trustee's investigation is ongoing, and consequently, the Trustee reserves the right to (i) supplement the information regarding the Transfer and any additional transfers and (ii) seek recovery of such additional transfers.

31. To the extent that any of the following claims for recovery of the Transfer may be inconsistent with each other, the Trustee respectfully requests that they be treated as being plead in the alternative.

## COUNT I

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER

6

**(NYDCL §§ 273 and 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

32. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

33. The Debtor did not receive fair consideration for the Transfer.

34. The Debtor was insolvent at the time it made the Transfer or, in the alternative, the Debtor became insolvent as a result of the Transfer.

35. Pursuant sections 273, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant: (i) avoiding the Transfer; (ii) recovering the Transfer from the Defendant for the benefit of the Estate; (iii) disallowing any claim that the Defendant may have against the Debtor until such time as the Transfer is repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendant; and (v) awarding any other relief the Court deems just and proper.

## COUNT II

**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**

**(NYDCL §§ 274, 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

36. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

37. The Debtor did not receive fair consideration for the Transfer.

38. At the time that the Debtor made the Transfer, the Debtor was (a) insolvent and/or (b) engaged or was about to engage in a business or transaction for which the property remaining in its hands after the Transfer was an unreasonably small capital.

39. Pursuant to sections 274, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant: (i) avoiding the Transfer; (ii) recovering the Transfer from the Defendant for the benefit of the Estate; (iii) disallowing any claim that the Defendant may have against the Debtor until such time as the Transfer is repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendant; and (v) awarding any other relief the Court deems just and proper.

## COUNT III

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER

**(NYDCL §§ 275, 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

40. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

41. At the time that the Debtor made the Transfer, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

42. Pursuant to sections 275, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant: (i) avoiding the Transfer; (ii) recovering the Transfer from the Defendant for the benefit of the Estate; (iii) disallowing any claim that the Defendant may have against the Debtor until such time as the Transfer is repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendant; and (v) awarding any other relief the Court deems just and proper.

## RESERVATION OF RIGHTS

43. Plaintiff repeats and re-alleges the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

44. The Trustee does not waive and instead specifically reserves all of his rights, claims, and defenses as they pertain to the Debtor and to defend against any claims or liens that the Defendant may assert against the Estate. The Trustee expressly reserves the right to amend and supplement this Complaint or to commence a new action against the Defendant with other claims as his investigation continues.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against the Defendant as follows:

(i) avoiding the Transfer made to the Defendant;

(ii) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return the Transfer to the date of judgment with respect to this Complaint (the "Judgment") herein;

(iii) directing the Defendant to pay to the Trustee the full amount of the Transfer that it received from the Debtor, plus interest from the date of such judgment;

(iv) disallowing any claim that the Defendant may have against the Debtor until such time as the Transfer is repaid to the Trustee;

(v)     awarding attorneys' fees and costs from the Defendant; and

(vi)     granting such other relief as the Court deems just and proper.

DATED: New York, New York
November 6, 2019

                ALBERT TOGUT, not individually but
solely in his capacity as Chapter 7 Trustee,
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Albert Togut
ALBERT TOGUT
NEIL BERGER
JARED C. BORRIELLO
One Penn Plaza
New York, New York 10119
(212) 594-5000